FRANK E. RICHMOND and others, Executors, v. THOMAS H. HUGHES.

An executor of a deceased mortgagee may sell at public auction real estate under a power of sale contained in a mortgage, and convey good title to said property, notwithstanding the provisions of Title XXIV. of the Revised Statutes, chapter 157, §§ 7—16, said sections referring only to mortgages not containing a power of sale in the usual form, and not prohibiting contracts between the parties independently of the statute.

THIS was an amicable suit in equity, by vendors against vendee, for the specific performance of a contract for the sale of certain real estate situate in the town of Johnston. The cause was heard upon a general demurrer to the bill for want of equity.

The complainants were the executors of George M. Richmond, late of Providence, deceased, and the property in question was sold by the complainants to the defendant, by public auction,

under a power of sale contained in a mortgage dated March 30, 1860, and made by one Zenas Bliss to said George M. Richmond, in his lifetime, for securing to him the payment of the sum of $1,000 in ten years from July 1st, 1860, with interest payable semi-annually after that date. The power of sale was as follows :—

"Furthermore, I, the said Zenas Bliss, do hereby constitute and appoint the said George M. Richmond, his executors, administrators, and assigns, my attorneys, irrevocable, with full power of substitution and revocation for me and in my name, or in their name or names, at any time, in case default shall be made in the payment of my said note, or the semi-annual interest due thereon ; and such default or breach shall continue for the term of ten days, to sell at public auction the premises aforesaid, or any part thereof, they first giving, after the expiration of said term of ten days, twenty days' notice of such sale in some one of the public newspapers printed in the said city of Providence ; and in my name, or in their name or names, to make, execute, seal, acknowledge, and deliver to the purchaser or purchasers thereof, any deed or deeds that may be necessary to vest in such purchaser or purchasers a full and absolute estate in fee simple therein ; " etc.

The mortgagee did not in his lifetime, nor had the complainants, as his executors, since his decease, recovered seizin and possession of the mortgaged premises. The sale was made for default in the payment of interest; and after the sale, the complainants tendered to the defendant a conveyance of the mortgaged premises, purporting to be made by them as executors of the deceased mortgagee, and as the attorneys of the mortgagor, under the power of sale contained in the mortgage.

*Markland, for the defendant, in support of the demurrer :—*

I.   The specific objection to the completion of this sale is that, by the Revised Statutes of this state, chapter 157, sections 7–16, the executors of deceased mortgagees are precluded from exercising powers of sale contained in mortgages of real estate,

notwithstanding that such powers, as in the present case, do in terms authorize the executors to make sale of the property in case of default.

II. But for the above provisions of the statutes, the powers of sale in this case might well have been exercised by the complainants. 4 Kent's Com. 146. 323, 325, 332 ; 2 Washb. Real Prop. (3d ed.) Ch. 4, S. 5, *passim* ; *Doolittle* v. *Lewis*, 7 Johns. Ch. 45 ; *Hutchins, Admr.* v. *State Bank*, 12 Met. 421 ; *Cranston* v. *Crane*, 97 Mass. 459 ; *Farnum* v. *Meserve*, 8 Allen, 158 ; *Hunt* v. *Rousmanier*, 8 Wheat. 174, 203.

III. As it is, however, the complainants can only deal with the mortgage and the mortgaged premises in the manner pointed out by the above provisions of the statutes, which clearly define and limit as well the power and duty of the executors and administrators as that of the courts of probate as to all mortgages, whether containing powers of sale or not. The debt and the security are to be regarded as assets in the hands of the complainants as executors, who may dispose of the security under section 9 ; or they may obtain seizin and possession of the mortgaged premises under section 10 ; and, on obtaining such seizin and possession, they may sell the land, if it becomes necessary, for the payment of debts, legacies, or charges of administration, under sections 12 and 13, or they may receive the debt and discharge the mortgage under section 14. But if these statutory powers are not exercised, then the debt due by the mortgage and the mortgaged premises *must* be assigned and distributed according to sections 7 and 16. *Smith et al.* v. *Dyer*, 16 Mass. 18 ; *Johnson* v. *Bartlett*, 17 Pick. 484 ; *Richardson* v. *Hildreth*, 8 Cush. 225 ; *Taft et. al.* v. *Stevens*, 3 Gray 504 ; *Steel* v. *Steel*, 4 Allen, 421 ; *Dexter* v. *Arnold*, 1 Sumn. 114.

IV. When the debt and the premises become assigned and distributed, pursuant to sections 7 and 16, then the assignees and distributees, if otherwise competent, may exercise the power of sale, both by force of the express terms of the power and of the general rule of law, that powers of sale contained in mortgages, being appendant or annexed to the estate and coupled with an interest, are deemed part of the mortgage security, and

" vest in any person who, by assignment or otherwise, becomes entitled to the money secured to be paid." 4 Kent's Com. 147, and cases cited.

V. The sale in this case is totally incompatible with the powers and duties created by the statutory provisions to which reference has been made.

VI. If the power of sale in this case had ·been given to the mortgagee and his *heirs*, according to the English practice, no one can doubt that it would have been the right and the duty of Mr. Richmond's executors and the court of probate to proceed with regard to this mortgage according to the statutory provisions referred to ; and if that is so, then it can make no difference as to the powers and duties of the executors and the court, where, as here, the power of sale is given to the mortgagee and his *executors.*

VII. At common law, executors and administrators had no concern with mortgages in fee, except to receive the mortgage money ; and the statutory provisions referred to were intended to establish a uniform mode of administering all such mortgages by executors and administrators. By the Revised Statutes of 1857, chapter 157, sections 7 and 16, provision is made for the distribution of the mortgage security, as well as the debt ; and it is expressly stated to apply in all cases. No exception has been made in relation to mortgages containing powers of sale. The power of sale in the mortgage from Bliss to Richmond must therefore be considered to be suspended, in conformity with the well known maxim that " the law in some cases overrides the will of the individual, and renders ineffective and futile his expressed intention or contract." Broom's Leg. Max. 309 ; 2 Washburn on Real Property, (3d ed.) 42.

*Parsons and S. A. Cooke, Jr., for the plaintiff, contra :—*

The deed tendered was good and valid, executed by the proper parties, and by the only parties who could carry into effect the power contained in the mortgage, which expressly names the executors of George M. Richmond as attorneys to execute the power. They, and they only, upon the decease of their testator, can convey at all. The deed conveys the only

title to the estate mortgaged which can be conveyed by any person or persons

BRATYON, C. J. The contract for the specific performance of which this bill is brought; arose from a sale at public auction of the real estate in question, under a mortgage executed by one Zenas Bliss to George M. Richmond, now deceased. The complainants are the executors of the last will and testament of said Richmond. The deed of mortgage constituted the said Richmond, his executors, administrators and assigns, the attorneys of the mortgagor, with power to sell the premises at public auction for the payment of the mortgage debt. That power was exactly pursued, and the premises were struck off to the defendant, as the highest bidder for the same, at a public auction sale thereof. The defendant declines to take this title under the sale by the executors.

The only ground of demurrer to this bill is, not that the sale was not made by the original mortgagee, nor by any assignee of his, but that it was made by his executors.

It is claimed in the argument, that by the provisions of chapter 157 of the Revised Statutes, an executor, though by the express terms of the deed and of the power he is clothed with authority to execute, the power of sale, is nevertheless prohibited from exercising it; and the argument rests mainly upon the provisions contained in the sixteenth section of that chapter.

That section, in terms, applies to all cases of land mortgaged to the testator or intestate, not redeemed nor sold by his executor or administrator, and requires such land to be assigned and distributed as if it had been personal estate, and if it should come to two or more persons, partition should be made, as if it had been the absolute property of the testator or intestate.

The language contemplates the land as now absolute, though it was not so in the testator or intestate. The property could not well be divided while the equity of redemption subsisted. It is land which shall have been redeemed, and if we regard the division as intended to be permanent, and to settle the rights of the tenants, it would seem necessary that it should be also irre-

deemable land, not redeemed within the time of redemption. Partition is to be made of the land itself, not as if it had now become absolute, but as if it had been so in the lifetime of the testator or intestate, and he had died so seized. In order to this distribution it must be land mortgaged and not sold as aforesaid, that is, not sold in conformity to the provisions of the prior sections of the same chapter. All these provisions are · contained in sections seven to sixteen inclusive, which are as follows :—

" Sec. 7. Debts due by mortgage of real estate, and the mortgaged premises shall, before foreclosure of the mortgage, be considered personal property ; and as such, shall be included in the inventory as assets in the hands of the executor or administrator, and be distributed.

" Sec. 8. If the deceased mortgagee of real estate shall not, in his lifetime, have recovered seizin and possession of any real estate mortgaged to secure such debt, his executor or administrator shall have the same control of his interest in the real estate mortgaged, as he would have in personal estate mortgaged to his testator or intestate.

" Sec. 9. He may sell or dispose of the mortgage in his discretion, for the amount due thereon, or for any less amount, upon obtaining leave therefor from the court of probate appointing him.

" Sec. 10. He may take the surrender of, or sue in ejectment for, the seizin and possession of the real estate mortgaged as aforesaid, in which action it shall be sufficient for him to declare on the seizin and possession of his testator or intestate.

" Sec. 11. Upon recovery or surrender of possession of real estate mortgaged as aforesaid, the executor or administrator shall be seized and possessed of the mortgaged estate to the sole use of the heirs of the intestate or of the devisees of the testator to whom such estate may be devised.

" Sec. 12. In case the lands mortgaged and recovered as aforesaid shall be necessary for the payment of debts, legacies, or charges of administration, and the same shall be certified from

the court of probate, the executor or administrator shall have full right, power, and authority to dispose and make sale of the whole or part of the real estate recovered as aforesaid, subject, however, to the equity of redemption.

"Sec. 13. It shall also be lawful for the executor or administrator to sell the same at private sale to any person who shall pay therefor the whole of the money due upon the mortgage at the time of sale, provided the court of probate shall give leave for such private sale ; otherwise, the same shall be sold at public auction to the highest bidder ; and notice of such intended sale shall be given in the manner prescribed by law for the sale of real estate by executors or administrators.

"Sec. 14. After the surrender or recovery of possession of real estate mortgaged as aforesaid, and before conveyance or assignment in manner aforesaid, or in case the testator or intestate die possessed of any real estate mortgaged to him which may be redeemed, if the mortgagor, his heirs, executors, administrators or assigns, shall, within the time limited for the equity of redemption, redeem the mortgaged premises, the executor or administrator shall, in every instance, be entitled to receive the redemption money for distribution or payment to the devisee, and is authorized, empowered, and directed to discharge the mortgaged premises, by release, quitclaim, or other legal conveyance.

"Sec. 15. If the testator or intestate die seized of any real estate mortgaged to him, the same and the mortgage on the same shall be sold by the executor or administrator only for payment of debts or legacies and charges of administration, upon obtaining license from the court of probate therefor, in the same manner as other real estate of which the testator or intestate died seized.

"Sec. 16. In all cases of land mortgaged to a testator or intestate, the same shall, if not redeemed or sold as aforesaid, be assigned and distributed to the same persons, and in the same proportions as if it had been a part of the personal estate of the deceased ; and if the same shall come to two or more persons, partition thereof may be made by the court of probate, or by action, in like manner as if it had been the absolute property of the testator or intestate."

These sections declare what power of disposition and sale an executor or administrator shall have and exercise over real estate mortgaged. Section ten provides that the executor or administrator may take the surrender of the premises, or may obtain possession by suit, and the subsequent provisions in sections eleven, twelve, thirteen, fourteen and fifteen, require, in order to enable him to sell, that he should have the certificate of the court of probate that a sale is necessary for the payment of debts, or a license from it to sell for the payment of debts.

The land has not been sold in the manner provided for the sale of land mortgaged, and the possession surrendered to, or recovered by the mortgagee or his personal representatives. It has not been sold for the payment of debts. Section seven provides for land mortgaged where possession is still in the mortgagor, and declares that the executor or administrator shall have the same control of the mortgagee's interest in the land, as he would have over personal property mortgaged to him. Section nine authorizes the executor or administrator to sell the mortgage at private sale, if he can obtain the amount of the debt, or for less if the court of probate grants leave.

If the legislature, in making these provisions, had made them in contemplation of the existence of such powers as by this deed are vested in the executors, and intended to restrain the exercise of such powers or wholly to prohibit them, we should expect some expression pointed in that direction, some recognition of the power at least.

It is conceded, that had the mortgage been assigned by the original mortgagor or by his personal representatives, under the provisions of chapter 157, such assignee might have executed this power; and the inquiry naturally suggests itself, why should an executor be restrained more than an assignee, and we fail to get any answer from these provisions.

This chapter, in the several sections cited, is dealing with mortgages qua mortgages, and not with powers which may or may not be contained in the mortgage instrument itself. All the provisions referred to are for the purpose of conferring upon the executor or administrator a power of disposition over mort-

gages and mortgaged estates which he had not .before. The statute in this respect is an enabling statute. All those provisions were proper and necessary if the power of the executor or administrator depended upon the general law independent of the contract of the parties, and not upon any powers created or conferred by the mortgagor, for the disposition of the property. There is nothing in this chapter, and certainly nothing in this sixteenth section, which evinces any purpose to interfere with or abrogate any contract into which the parties may have entered, or to render void or ineffectual any power created to deal with or dispose of the mortgaged property.

No such restriction was necessary for any apparent purpose of the act. The power in this case does not interfere with any power conferred by the act. The enabling provisions have their full and necessary effect in all cases for which the agreements of the parties have not provided.

We are of the opinion that the sale by the executors in this case was valid, and the defendant must be decreed, specifically to perform.

*Decree accordingly.*